Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NOEMI DIAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED COLLECTION BUREAU INC.,<br><br>Defendant. | Case No. CV11 0548<br><br>CLASS ACTION<br><br>COMPLAINT TO SEEK REDRESS FOR UNLAWFUL DEBT COLLECTION PRACTICES<br><br>JURY TRIAL DEMAND |

## I. INTRODUCTION

1. Plaintiff brings this class action against Defendant to obtain relief for herself and the class she purposes to represent for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## II. JURISDICTION AND VENUE

2. This court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b), as the acts that give rise to this action occurred, in substantial part, in this district.

## III. PARTIES

4. Plaintiff, NOEMI DIAZ ("Ms. Diaz") is a natural person who resides in this district, and is a consumer as defined at 15 U.S.C. § 1692a(3).

5. Defendant UNITED COLLECTION BUREAU INC. ("United") is a corporation with its principal office at 5620 Southwyck Blvd., Suite 206, Toledo, OH 43614. United

1  regularly attempts to collect defaulted consumer debts owed to others.

2      6.      The principal purpose of Defendant's business is the purchase and collection of
3  defaulted debts using the mails and telephone.   United is a debt collector under 15 U.S.C. §
4  1692a(6).

5      7.      Defendant communicated with Plaintiff on or after one year before the date of the
6  filing of this action, in connection with collection efforts with regard to Plaintiff's account
7  allegedly originating with Department Stores National Bank.

8      8.      Reference hereinafter to "Defendant" or "Defendants" or "Defendant Collector",
9  without further qualification refers to United.

## IV. FACTUAL ALLEGATIONS

11     9.      On or about January 17, 2011, Defendant sent its initial collection notice to
12 Plaintiff. A true and correct copy of the front of the notice is attached hereto as "Exhibit A."

13     10.     The collection notice concerned a consumer debt allegedly owed by Plaintiff to
14 Department Stores National Bank.

15     11.     The debt was incurred by Plaintiff in a transaction involving primarily the
16 purchase of consumer goods and services.

17     12.     The notice was a form letter as evidenced by the type face and the form numbers
18 at the lower right and left of the collection notice. Exhibit A is the same or similar letter sent to
19 members of the class.

20     13.     The collection notice at Exhibit A states "Balance: $1136.92".

21     14.     The collection notice at Exhibit A did not state that the amount of the debt might
22 vary from day to day because of, for example, interest, late charges or other charges.

23     15.     The collection notice, Exhibit A did not notify the Plaintiff of her right to obtain
24 an exact, up-to-date amount of the debt allegedly due.

25     16.     The case of *Miller v. McCalla, Raymer, Partick Cobb, Nichols & Clark, LLC*, 214
26 F.3d 872 (7th Cir. 2000), sets forth "the debt collector's duty to state the amount of the debt in
27 cases like this where the amount varies from day to day." *Id.* at 876.

28     17.     Defendants did not comply with that duty.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was intentional, willful and in reckless disregard for federal rights of the Plaintiff.

19. Each Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring its letters into compliance with the FDCPA, but each neglected to do so and each failed to adequately review its actions to ensure compliance with said law.

20. Then collection notice violates 15 U.S.C. § 1692e(2)(A) as it is a false representation as to the character and/or legal status of the debt.

## V. FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS
(Violation of the Federal Fair Debt Collection Practices Act)

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Each Defendant is a "debt collector" as defined by section 1692a(6) of the FDCPA.

23. Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

24. Exhibit A sent to the Plaintiff by Defendants is a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

25. Defendants violated the FDCPA as to the Plaintiff and the class. Defendants' violations include violations of 15 U.S.C. § § 1692e, 1692e(2)(A), 1692f and 1692g(a)(1) as evidenced by the following conduct:

(a) Using false, deceptive and misleading representations or means in connection with the collection of an alleged debt;

(b) Falsely representing the character, amount or legal status of an alleged debt;

(c) Using unfair or unconscionable means to collect or attempt to collect an alleged debt; and

(d) Failing to provide the consumer with a written notice containing the amount of the alleged debt.

COMPLAINT

3

DIAZ v. UNITED COLLECITON BUREAU INC.

26. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of inducing Plaintiff to pay the debt.

27. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff and members of the class for actual damages, statutory damages and attorney's fees and costs.

## VI. CLASS ALLEGATIONS

28. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of California (ii) who were sent a letter from Defendants in the form of <u>Exhibit A</u> (iii) or similar to Exhibit A to recover a debt incurred for personal, family, or household purposes (iv) which was not returned undelivered by the United States Postal Service (v) during the period of time one year prior to the filing of this Complaint through the date of class certification.

29. The class is so numerous that joinder of all members is impractical.

30 There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendant violated the FDCPA as alleged in Plaintiff's First Cause of Action herein.

31. There are no individual questions, other than whether a class member was sent a letter in the form of <u>Exhibit A</u> or similar to Exhibit A, which can be determined by ministerial inspection of Defendant's records.

32. Plaintiff will fairly and adequately protect the interests of the class.

33. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

34. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether Defendant's letter in the form of <u>Exhibit A</u> or similar to Exhibit A violates the FDCPA.

35. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative acts and are based on the same legal theories.

COMPLAINT

4

DIAZ v. UNITED COLLECITON BUREAU INC.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

37. As a result of Defendant's violations of the FDCPA, Plaintiff and the class are entitled to an award of statutory damages, costs and reasonable attorney's fees.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

A. That an order be entered certifying the proposed class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the class;

B. That judgment be entered against Defendants for damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

C. That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

D. That the Court grant such other and further relief as may be just and proper including punitive damages and injunctive relief.

Dated: 2-3-2011

Irving L. Berg

## VIII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a jury.

Dated: 2-3-2011

Irving L. Berg

ATTORNEY FOR PLAINTIFF

COMPLAINT

DIAZ v. UNITED COLLECITON BUREAU INC.

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

UNITED COLLECTION BUREAU, INC.
5620 SOUTHWYCK BLVD SUITE 206
TOLEDO OH 43614

1-866-559-4301

January 17, 2011

NOEMI P DIAZ
20 NELSON CT
DALY CITY CA 94015-2820

Re: DEPARTMENT STORES NATIONAL BANK (DSNB)
Creditor: MACY'S
Account Number:   43085170366661928
Balance:   $1136.92

The above referenced debt has been placed with our office by DSNB for collection. As of the date of this letter, you owe the above referenced balance. However, in the event you meet the terms below we will settle the account for less than the amount you owe.

On behalf of DSNB, United Collection Bureau, Inc. will accept a settlement in the amount of $625.31 for the above referenced account, only in the event payment for the full settlement amount is received by us no later than January 31, 2011. This settlement offer will save you the sum of $511.61. This agreement is contingent upon clearance of funds. This offer is strictly contingent upon payment being received in the amount stated by the due date stated. Time is of the essence for this offer. We are not obligated to renew this offer.

If you wish to accept this offer, please contact our office to establish a payment method and date, or mail a copy of this letter together with your payment to the remit address below. When calling our office, please refer to settlement offer number 202353 and your reference number 51649803. Please remember your payment must be received by us no later than January 31, 2011 for us to settle your account for the sum of $625.31.

In the event you are unable to accept this offer, we encourage you to contact our office to establish a payment arrangement toward the full balance of the account.

To view your account or make secure payments online, visit consumerview.ucbinc.com.

Thank you for your prompt attention to this matter.

Sincerely,
United Collection Bureau, Inc.

This is an attempt to collect a debt by UCB, Inc., a debt collector, and any information obtained will be used for that purpose.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

ICU027000CSIF

PO BOX 140310
TOLEDO OH 43614

RETURN SERVICE REQUESTED

☐ Please check box if address shown is incorrect or insurance information has changed, and indicate change(s) on reverse side.

51649803-CSIF        466685666

NOEMI P DIAZ
20 NELSON CT
DALY CITY CA 94015-2820

12693

PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB.

Re: DEPARTMENT STORES NATIONAL BANK (DSNB)
Creditor: MACY'S
Account Number:   43085170366661928
Balance:   $1136.92

REMIT TO:

UNITED COLLECTION BUREAU, INC.
PO BOX 140310
TOLEDO OH 43614