IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEMI DIAZ, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED COLLECTION BUREAU,<br><br>  Defendant. | Case No. 11-548 SC<br><br>ORDER GRANTING DEFENDANT'S <u>MOTION TO DISMISS</u> |

**I.   INTRODUCTION**

Plaintiff Noemi Diaz ("Plaintiff") commenced this action alleging violation of the Federal Fair Debt Collection Practices Act ("FDCPA"). First Amended Complaint, ECF No. 4 ("FAC"). Now Defendant United Collection Bureau ("Defendant") moves to dismiss Plaintiff's FAC for failure to state a claim. ECF No. 11 ("Mot."). Plaintiff filed an Opposition, and Defendant filed a Reply. ECF Nos. 12 ("Opp'n"), 14 ("Reply"). For the following reasons, the Court GRANTS Defendant's Motion.

**II.   BACKGROUND**

As it must on a Federal Rule of Civil Procedure 12(b)(6) motion, the Court assumes the truth of the well-pleaded facts in Plaintiff's FAC. Plaintiff obtained a line of credit from

Department Stores National Bank ("the creditor"), which she used to purchase goods from Macy's, a chain of department stores. FAC ¶ 8. The terms of this credit extension provided that interest and late charges would accrue if the account became past due. Id. ¶ 9.

Plaintiff failed to make payments on this account. Id. ¶ 10. After the account became 180 days past due, the creditor assigned Plaintiff's debt of $1,136.92 to Defendant, a consumer debt collector, for collection. Id. ¶ 11.

On October 12, 2010, Defendant sent Plaintiff a collection letter. Id. ¶ 12; FAC Ex. A ("Oct. 2010 Letter"). This letter reported a balance of $1,136.92, and stated: "Because of interest charges that vary from day to day, the amount due on the day you pay may be greater." Id. The letter noted that as a consequence, "an adjustment may be necessary after your check is received." Id.

Plaintiff did not respond to this letter. On January 17, 2011, Defendant sent Plaintiff a second collection letter. FAC Ex. B ("Jan. 2011 Letter"). Like the October 2010 letter, it reported a balance of $1,136.92. Id. In the January 2011 letter, Defendant offered to settle Plaintiff's account for $625.31 if payment was received no later than January 31, 2011. Id.

Plaintiff did not respond to the January 2011 letter. Instead, on February 4, 2011, she commenced this action. ECF No. 1 ("Initial Compl."). Plaintiff alleges that the January 2011 letter fails to state the amount of interest and charges that had accrued since October 12, 2010, and thus Defendant misrepresented the amount owed in violation of 15 U.S.C. § 1692e(2)(A). FAC ¶¶ 14-15. Specifically, Plaintiff accuses Defendant of "[u]sing false, deceptive and misleading misrepresentations or means in connection

2

with the collection of an alleged debt;" "[f]alsely representing the character, amount or legal status of an alleged debt;" and "[f]ailing to provide the consumer with a written notice containing the amount of the alleged debt." Id. ¶ 23. Plaintiff further alleges that Defendant acted "with intentional, willful, reckless, wanton and negligent disregard for the consumer's rights under the law and with the purpose of inducing the consumer to pay the debt." Id. ¶ 24. Plaintiff seeks statutory damages, attorneys' fees, and costs; she also seeks to represent a class of all Californians who received similar collection letters from Defendant. Id. ¶¶ 25-26.

In its Motion, Defendant claims Plaintiff's FAC fails to state sufficient facts to plead a cause of action. Mot. at 1. Defendant makes two arguments in favor of dismissal. First, it argues that Plaintiff's FAC relies on the assumption that Defendant was charging interest and late charges, and contends that no facts in the FAC support this conclusion. Id. at 3. Defendant argues that under the "least sophisticated consumer" test used in the Ninth Circuit, there is no misrepresentation, "as the amount owed is clearly stated." Defendant argues that even if the January 2011 letter had failed to state the alleged accrued interest and late charges, such a failure is immaterial because "no where in Plaintiff's FAC is there a contention that she was actually deceived, or how the collection letters materially affected her decision process relative to repayment of the debt." Id. at 5 (emphasis in original).

///
///
///

3

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and sufficiently plausible such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

### IV. DISCUSSION

The FDCPA "prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." Donahue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010) (internal quotation marks omitted). It is "a

4

strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Id. (internal quotation marks omitted).

Section 1692e of the FDCPA prohibits a debt collector's use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). A debt collector's conduct violates § 1692e if "the least sophisticated debtor would likely be misled." Guerrero v. RJM Acqusitions LLC, 499 F.3d 926, 934 (9th Cir. 2007). False but non-material misrepresentations are not likely to mislead the least sophisticated consumer, and therefore are not actionable under the FDCPA. Donahue, 592 F.3d at 1033.

A wide range of activity has been found to state a claim under § 1692e. For example, one court found that a debt collector's letter stating that court proceedings were pending against the debtor, when no lawsuit had been filed, supported a § 1692(e) claim. Miranda v. Law Office of D. Scott Carruthers, No. 10-cv-01487, 2011 WL 2037556, at *4 (E.D. Cal. May 23, 2011). Another court found that a plaintiff had stated a claim under § 1692e through his allegation that a debt collector's use of the word "federal," in conjunction with its use of certain fonts and images, falsely created the perception that the debt collector was related to the federal government. Dorner v. Comm. Trade Bureau of Cal., No. Civ-F-08-0083, 2008 WL 1704137, at *3-5 (E.D. Cal. Apr. 10, 2008). However, a debtor does not violate this standard by commencing a lawsuit to collect a debt without first adequately

investigating the validity of the underlying debt. Velasquez v. Arrow Fin. Servs. LLC, No. 08-cv-1915, 2009 WL 2780372, at *2-3 (S.D. Cal. Aug. 31, 2009). Similarly, the Ninth Circuit held that a debt collector's failure to distinguish between two finance charges in a debt collection letter was an immaterial technical falsehood not giving rise to a § 1692e claim because it did not misstate the total amount owed by the plaintiff. Donahue, 592 F.3d at 1034.

Defendant makes two arguments in favor of dismissal of Plaintiff's FAC. Its first argument is simply that there is no misrepresentation: Plaintiff owed Defendant $1,136.92; therefore, the January 2011 letter stating that $1,136.92 was owed was correct. Mot. at 3. Defendant writes: "Plaintiff's entire complaint is premised on the conclusion that because her credit account agreement provided for interest and late charges, that UCB must have also been charging interest and late charges . . . . Plaintiff points to no facts in her FAC to support this conclusion." Id. (emphasis in original). In response, Plaintiff restates the allegation made in her FAC that this amount is incorrect, without alleging facts that tend to support this conclusion. Opp'n at 3.

Defendant's second argument is that even if Defendant failed to include the alleged accrued interest and late charges in the January 2011 letter, such an omission is immaterial. Mot. at 3. Defendant writes that the January letter "clearly states that as of the date of the letter a sum certain was owed," which Defendant offered to settle if Plaintiff remitted $625.31 by January 31, 2011. Id. at 4-5. Plaintiff does not offer a theory of

materiality in her Opposition.

The Court finds both of Defendant's arguments to be persuasive. Plaintiff makes a bare allegation that she owed Defendant more than $1,136.92 at the time the letter was sent, and thus Defendant's January 2011 letter misrepresented the amount owed. Having reviewed the papers submitted, the Court finds no facts pleaded which render this allegation plausible. If Defendant had sent Plaintiff a third collection letter in which it claimed interest and late payments in addition to the $1,136.92 sought, then the January 2011 letter would support a § 1692e claim. However, nothing before the Court renders plausible Plaintiff's allegation that Plaintiff currently owes Defendant more than the $1,136.92 sought.

Second, even if interest and late fees had accrued and Defendant had failed to provide them in the January 2011 letter, Plaintiff has failed to explain how such omission would be material. In its January 2011 letter, Defendant made Plaintiff an offer: pay us $625.31 by January 31, 2011, and we will settle your debt. If this debt was actually greater than $1,136.92, then Defendant's offer constituted an even better bargain for Plaintiff. In light of the context and purpose of the January 2011 letter, such an alleged omission is not material.

For these reasons, the Court GRANTS Defendant's Motion to Dismiss. Because the deficiencies in the FAC cannot be cured through amendment, the Court DISMISSES Plaintiff's FAC WITH PREJUDICE.

///

///

7

**V.   CONCLUSION**

For the foregoing reasons, Defendant United Collection Bureau's Motion to Dismiss is GRANTED; Plaintiff Noemi Diaz's First Amended Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: June 16, 2011



UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

8